IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LARRY HINES,

        Plaintiff,                No. 2:13-cv-0392 AC P

    vs.

NORIEGA, et al.,

        Defendants.        <u>ORDER</u>

                            /

        Plaintiff is a state prisoner proceeding pro se. He seeks relief pursuant to 42 U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1). Plaintiff has consented to the jurisdiction of the undersigned. ECF No. 4.

        On April 3, 2013, pursuant to the court's order filed on March 5, 2013, plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

        Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will

1  direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account
2  and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly
3  payments of twenty percent of the preceding month's income credited to plaintiff's prison trust
4  account.  These payments will be forwarded by the appropriate agency to the Clerk of the Court
5  each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28
6  U.S.C. § 1915(b)(2).

7    The court is required to screen complaints brought by prisoners seeking relief
8  against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.
9  § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised
10 claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may
11 be granted, or that seek monetary relief from a defendant who is immune from such relief.  28
12 U.S.C. § 1915A(b)(1),(2).

13   A claim is legally frivolous when it lacks an arguable basis either in law or in
14 fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-
15 28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an
16 indisputably meritless legal theory or where the factual contentions are clearly baseless.
17 Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however
18 inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d
19 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

20   A complaint must contain more than a "formulaic recitation of the elements of a
21 cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the
22 speculative level."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  "The pleading
23 must contain something more...than...a statement of facts that merely creates a suspicion [of] a
24 legally cognizable right of action."  Id., quoting 5 C. Wright & A. Miller, Federal Practice and
25 Procedure 1216, pp. 235-235 (3d ed. 2004).  "[A] complaint must contain sufficient factual
26 matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v.

1  Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).  "A claim has facial

2  plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

3  inference that the defendant is liable for the misconduct alleged."  Id.

4        In reviewing a complaint under this standard, the court must accept as true the

5  allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S.

6  738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all

7  doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

8        The complaint states a colorable claim for relief against defendants Noriega and

9  Goller for deliberate indifference to plaintiff's left ankle injury in violation of the Eighth

10  Amendment pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1915A(b).

11        Plaintiff expressly sues each defendant in his individual capacity.  Plaintiff names

12  the Director of the California Department of Corrections and Rehabilitation (CDCR) as a

13  defendant, but makes no allegations against this individual.  The Civil Rights Act under which

14  this action was filed provides as follows:

15        Every person who, under color of [state law] . . . subjects, or
      causes to be subjected, any citizen of the United States . . . to the
16        deprivation of any rights, privileges, or immunities secured by the
      Constitution . . . shall be liable to the party injured in an action at
17        law, suit in equity, or other proper proceeding for redress.

18  42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the

19  actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See

20  Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362

21  (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the

22  meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or

23  omits to perform an act which he is legally required to do that causes the deprivation of which

24  complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

25        Supervisory personnel are generally not liable under § 1983 for the actions of

26  their employees under a theory of respondeat superior and, therefore, when a named defendant

holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982). The Director or Secretary of the CDCR will be dismissed but plaintiff will be granted leave to amend.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362, 96 S.Ct. 598 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Lacey v. Maricopa County, 693 F.3d 896, 927 (9th Cir. 2012) ("the general rule is that an amended complaint supercedes the original complaint and renders it without legal effect... .") Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request to proceed in forma pauperis is granted;

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's claims against the Director (or Secretary) of the CDCR are dismissed for the reasons discussed above, with leave to file an amended complaint within twenty-eight days from the date of service of this Order. Failure to file an amended complaint will result in the dismissal of this defendant from this action.

4. Upon filing an amended complaint or expiration of the time allowed for amendment, the court will make further orders for service of process upon some or all of the defendants.

DATED: May 20, 2013

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

AC:009
hine0392.b1

5